IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 14-cr-40085-JPG |
| MARTELL BROWN-WRIGHT, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Martell Brown-Wright's *Pro Se* Motion (Doc. 40) of Clarification. The Court had previously directed the defendant that if he did not file a motion to withdraw his pending motion (Doc. 38) on or before July 29, 2016, the Court will construe it as a 28 U.S.C. § 2255 motion and the defendant would then be subject to the second or successive filing requirements contained in 28 U.S.C. § 2255, ¶ 8.

Defendant's motion of clarification states that he does not intend to invoke § 2255, but filed his Motion for Reduction of Sentence (Doc. 38) as a 18 U.S.C. § 3582(c)(1)(A) post-conviction motion. 18 U.S.C. § 3582(c)(1)(A) provides:  "A court may not modify a term of imprisonment once it has been imposed except that – in any – the  court, **upon motion of the Director of the Bureau of Prison,** …" (emphasis added). As stated above, defendant's motion for sentence reduction is a *pro se* motion and not a motion from the Director of the Bureau of Prison. Therefore, defendant cannot pursue a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

The Defendant has already been advised (Doc. 39) that the relief requested in the defendant's motion under *Johnson v. United States* is **ONLY** available pursuant to a 28 U.S.C. § 2255 motion.  Therefore, as the defendant has indicated that he wishes to preserve his § 2255 rights, the Court will construe his motion of clarification as a motion to withdraw his pending Motion (Doc. 38) to Reduce Sentence.  The Clerk of Court is **DIRECTED** to **WITHDRAW** Defendant's Motion (Doc. 38) to Reduce Sentence and to terminate Defendant's Motion of Clarification (Doc. 40).

**IT IS SO ORDERED.**

**DATED:**  7/28/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**